NicholsoN, C. J.,
delivered the opinion of the Court.
. The only question in this case is, whether or not complainant is estopped from enforcing, or has waived his vendor’s lien.
Complainant had retained an express lien on the lot for the purchase money. Williams, the debtor, who had the legal title, subject to the vendor’s lien, having died, his administrator filed his bill to have the lot sold for the payment of his intestate’s debts, the debt to complainant being among them, and the principal debt. Complainant was cognizant of the proceeding, and encouraged and aided in obtaining a decree, becoming a witness to show that the title was in the intestate.
The decree of sale was made, and at the sale complainant was present, and was the competing bidder *244 against the purchaser. It is not shown that complainant said any thing by which it was to be inferred that he waived his lien, but by bidding for the land he indicated by his acts to the purchaser that he would get a good title- His bidding could bear no other interpretation, except that he was looking to the proceeds of the sale for the satisfaction of his debt, and, of consequence, that he no longer claimed to look to the lot for the satisfaction of his lien, otherwise than by the sale then being made. The purchaser had a right to so interpret the conduct of complainant, and so bidding and purchasing, he took the lol free from the lien of complainant.
The cases of Barham v. Turbeville, 1 Swann, 437; and Thompson v. Dawson, 3 Head, 384, fully sustain the decree of the Chancellor, and we affirm it.